UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| LANDO & ANASTASI, LLP, <br>         Plaintiff, <br><br> v. <br><br> INNOVENTION TOYS, L.L.C., <br>         Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | Civil Action No. 11-12103-PBS |

**MEMORANDUM AND ORDER**

January 20, 2015

Saris, U.S.D.J.

    Plaintiff Lando & Anastasi, LLP (Lando) is a law firm in Cambridge, Massachusetts seeking to recover attorney's fees allegedly owed by Defendant Innovention Toys, LLC (Innovention). In 2007, Lando brought a patent infringement lawsuit on behalf of Innovention in the Eastern District of Louisiana. After several years of litigation, however, Innovention fired Lando. As a result, Lando filed a complaint in this Court alleging that it was owed more than $500,000 in fees. Innovention responded that Lando should not be entitled to fees for its allegedly inadequate representation. Innovention also reserved the right to countersue for legal malpractice if it was ultimately prejudiced by Lando's subpar performance. Finding that the outcome of the litigation in Louisiana could potentially clarify the dispute, the Court administratively stayed the case.

Meanwhile, Innovention hired a second law firm and proceeded to trial, where a jury ruled in its favor, resulting in a judgment of over $6.8 million in damages, fees, and costs. Because of the pending dispute between Lando and Innovention in this Court, however, the Eastern District of Louisiana specifically declined to award any attorney's fees to Innovention for Lando's work in the case.

At a hearing in December 2014, the Court lifted the stay in light of the completion of litigation in district court, with an appeal pending in the Federal Circuit. Relevant here, the Court also <u>sua sponte</u> proposed to transfer this fee dispute to the Eastern District of Louisiana, where the relevant events in this case occurred before Judge Susie Morgan. The Court referred the dispute for a last-ditch effort at mediation, stating that it would transfer the matter to the Eastern District of Louisiana if mediation failed. After mediation was unsuccessful, the parties were given an opportunity to file their objections to transferring the case. Neither party did so. <u>See</u> Docket No. 80. After conferring with the district court in Louisiana, the Court **<u>TRANSFERS</u>** this fee dispute between Lando and Innovention to the Eastern District of Louisiana.

## **<u>Discussion</u>**

Title 28 U.S.C. § 1404(a) states:

For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to

>any other district or division where it might have been brought.

Courts have unanimously held that it is appropriate to transfer a case sua sponte pursuant to 28 U.S.C. § 1404(a). See, e.g., United States ex rel. Ondis v. City of Woonsocket, RI, 480 F. Supp. 2d 434, 436 (D. Mass. 2007); Ritchie Capital Mgmt., L.L.C. v. JPMorgan Chase & Co., 2014 WL 5810629, at *3 (S.D.N.Y. Nov. 10, 2014) ("It is well established that a district court can order a transfer sua sponte, provided that the court gives notice to the parties of its intention to do so in order that the parties may respond (quotation marks and alterations omitted)); Angelov v. Wilshire Bancorp, 2007 WL 2375131, at *3 (S.D.N.Y. Aug. 14, 2007) (collecting cases). Generally speaking, there is a strong presumption in favor of the plaintiff's choice of forum. Coady v. Ashcraft & Gerel, 223 F.3d 1, 11 (1st Cir. 2000). However, "[w]here the operative facts of the case have no material connection with this district, plaintiff's choice of forum carries less weight." Ondis, 480 F. Supp. 2d at 436 (quotation marks omitted); see also 15 Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdiction 3d § 3848 at 134-39 (2007) (explaining that "the plaintiff's venue choice is to be given less weight if he or she selects a district court with no obvious connection to the case").

With these principles in mind, the Court transfers this case in the interests of justice to the Eastern District of Louisiana,

where it will be more fairly and efficiently adjudicated. To begin with, most of the relevant events in this case took place in the Eastern District of Louisiana. Between 2007-2010, the Eastern District of Louisiana is where Lando appeared on behalf of Innovention, conducted discovery, and filed pleadings and motions. It is also where Lando was allegedly sanctioned and criticized by the Court for its failure to fully develop the damages element of Innovention's patent infringement claim. (Docket No. 8 ¶¶ 5-6). As a result, the Eastern District of Louisiana can more effectively evaluate the quality of Lando's representation and the extent to which Lando ultimately contributed or detracted from Innovention's judgment. It would take a great deal longer for this Court to learn about the patent infringement lawsuit and disentangle the lengthy proceedings that took place. Additionally, transfer will prevent any inconsistent rulings. The Eastern District of Louisiana will now be able to consolidate its rulings on (1) whether Lando is entitled to fees; and (2) if so, whether the defendants in the patent infringement lawsuit should compensate Innovention for those fees. These prudential factors all weigh heavily in favor of transfer.

    The Court recognizes that Lando initially filed its complaint in Massachusetts, a choice which is generally entitled to great weight. But as described above, the operative facts of Lando's dispute with Innovention have no material connection with

this district. Nor has Lando indicated that Massachusetts is a more convenient forum for the parties and potential witnesses. To the contrary, the heart of this dispute deals with services rendered by Lando in a federal lawsuit in Louisiana. As a result, this dispute does not just involve events that geographically occurred in Louisiana; it involves litigation that took place before the Eastern District of Louisiana over the span of several years. For this reason, Judge Morgan is much more familiar with this case and is best positioned to resolve this fee dispute.

## **ORDER**

The Court hereby **TRANSFERS** this lawsuit between Lando and Innovention to the Eastern District of Louisiana.

        /s/ PATTI B. SARIS
        Patti B. Saris
        Chief United States District Judge