UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**LANDO & ANASTASI, LLP,**           **CIVIL ACTION**
    **Plaintiff**

**VERSUS**                            **NO.  15-154**

**INNOVENTION TOYS, L.L.C.,**         **SECTION: "E" (5)**
    **Defendant**

### ORDER AND REASONS

Before the Court is Plaintiff's Motion for Preliminary Injunction.[1]

Plaintiff Lando & Anastasi, LLP ("Lando") is an intellectual property firm in Cambridge, Massachusetts.[2] Lando was retained as counsel by Defendant Innovention Toys, LLC ("Innovention") in 2006.[3] In October 2007, Lando filed a patent-infringement suit ("the Patent Litigation") on Innovention's behalf against MGA Entertainment, Inc. ("MGA"), Wal-Mart Stores, Inc. ("Wal-Mart"), and Toys "R" Us, Inc. ("Toys 'R' Us").[4] In October 2010, Innovention dismissed Lando as its counsel.[5] Lando alleges that, while Innovention "generally paid" for Lando's services from 2006 through May 2009, Innovention paid only a fraction of the amount billed between May 2009 and November 2011.[6] Lando filed this suit against Innovention on November 29, 2011,[7] ("the Attorney's Fees Litigation") and contends Innovention owes $561,439.49 in unpaid legal fees and expenses, plus statutory interest.[8]

---

[1] R. Doc. 121.
[2] *See* R. Doc. 1.
[3] *See* R. Doc. 121-2 at ¶ 2.
[4] *See* R. Doc. 121-2 at ¶ 4; *Innovention Toys, LLC v. MGA Entertainment, Inc. et al*, 637 F.3d 1314 (Fed. Cir. 2011).
[5] R. Doc. 121-2 at ¶ 6; R. Doc. 1 at ¶ 13.
[6] R. Doc. 1 at ¶¶ 11–12, 16–17; R. Doc. 121-2 at ¶ 7–9.
[7] *See* R. Doc. 1.
[8] R. Doc. 121-2 at ¶ 9; R. Doc. 121.

Lando filed a motion for preliminary injunction in the Attorney's Fees Litigation on August 5, 2015, seeking to enjoin Innovention from "conveying, transferring, or otherwise disbursing the amount sought by [Lando] in this action, namely $561,439.49, plus statutory interest, of any settlement or judgment Innovention collects in connection with Innovention's civil action against MGA Entertainment, Inc., Wal-Mart, and Toys R' Us, and that such funds be held in an escrow account pending the resolution of this civil action."[9]  The grant or denial of a preliminary injunction lies within the district court's discretion.[10] Only injuries that cannot be redressed by the application of a judicial remedy can properly justify a preliminary injunction.[11]

"The primary 'purpose of a preliminary injunction is to preserve the *object of the controversy* in its then existing condition—to preserve the status quo.'"[12] The Attorney's Fees Litigation is an action by Lando against Innovention for recovery of attorney's fees plus interest allegedly owed by Innovention. The Patent Litigation is a suit by Innovention against MGA, Wal-Mart and Toys 'R' Us for damages for patent infringement.  The object of the Attorney's Fee Litigation is not to recover Innovention's damages for patent infringement and, yet, Lando seeks a preliminary injunction with respect to the disbursement of those damages. Although the attorney's fees Lando seeks are for its representation of Innovention in the early stages of the Patent Litigation, the two actions are separate and distinct with different parties and different objects.

The Supreme Court in *DeBeers Consolidated Mines v. United States* reversed the issuance of a preliminary injunction because the preliminary injunction dealt with

---

[9] R. Doc. 121.
[10] *See Janvey v. Alguire*, 647 F.3d 585, 592 (5th Cir. 2011); *Canal Auth. of State of Fla. V. Callaway*, 489 F.2d 567, 572 (5th Cir. 1974).
[11] *Canal Auth.*, 489 F.2d at 573.
[12] *Aamer v. Obama*, 742 F.3d 1023, 1043 (D.C. Cir. 2014) (quoting *Doeskin Products, Inc. v. United Paper Co.*, 195 F.2d 356, 358 (7th Cir. 1952)) (emphasis added).

property that under no circumstances could "be dealt with in any final injunction that may be entered [in this case]."[13] Indeed, while a preliminary injunction is appropriate to grant intermediate relief of the same character as that which may be granted finally, "[a] district court should not issue an injunction when the injunction in question is not of the same character, and deals with a matter lying wholly outside the issues in the suit."[14] The preliminary injunction Lando is seeking in the Attorney's Fee Litigation is not of the same character and deals with a matter lying wholly outside the issues in the suit. As a result, Lando is not entitled to a preliminary injunction.

Further, a preliminary injunction is an "extraordinary and drastic remedy" that should not be granted unless the movant "clearly carries the burden of persuasion."[15] Specifically, the movant must establish (1) a substantial likelihood that it will prevail on the merits, (2) a substantial threat that it will suffer irreparable injury if the injunction is not granted, (3) that the threatened injury to the movant outweighs the threatened harm the injunction may do to the non-movant, and (4) that granting the preliminary injunction will not disserve the public interest.[16] "In order to obtain preliminary injunctive relief, the movant must carry the burden of persuasion on each of the elements of the four prong test."[17]

Lando has failed to establish at least one of the four elements needed to obtain a preliminary injunction. Lando had the burden of demonstrating a substantial likelihood

---

[13] *DeBeers Consol. Mines v. United States*, 325 U.S. 212, 220 (1945).
[14] *Kaimowitz v. Orlando, Fla.*, 122 F.3d 41, 43 (11th Cir. 1997) (citing *DeBeers Consold. Mines*, 325 U.S. at 220). *See also In re Fredeman Litigation*, 843 F.2d 821, 825 (5th Cir. 1988) (vacating the issuance of a preliminary injunction in part because "[t]he plaintiffs ask . . . that the property of the defendants unrelated to the underlying claim be held, essentially in a receivership by the district court, to satisfy those claims" and "the injunction deals with matters different from those in the underlying cause").
[15] *Id.* at 573.
[16] *Anderson v. Jackson*, 556 F.3d 351, 360 (5th Cir. 2009) (citing *Canal Auth.*, 489 F.2d at 572).
[17] *Apple Barrel Productions, Inc. v. Beard*, 730 F.2d 384, 389 (5th Cir. 1984). *See also Fairhope Farms, Inc. v. Vill. of Sun*, 2003 WL 22533567, at *1 (E.D. La. Nov. 7, 2003) ("The movant must satisfy all four factors; a failure to satisfy even one of the four factors requires a denial of the preliminary injunction.").

of success on the merits. This case involves numerous factual disputes, the resolution of which will impact Lando's likelihood of success. For example, although Lando argues "the biggest issues in this action are the amount of [Lando's] damages and its ability to recover them, not liability,"[18] Innovention maintains it has no liability and it sustained injuries as a result of Lando's "substandard" representation, which caused Innovention to bear additional litigation costs.[19] The parties also dispute the reasonableness of the attorney's fees Lando charged Innovention.[20] The Court cannot resolve the factual issues in this case and accordingly finds that Lando has not established a substantial likelihood of success on the merits.[21]

Accordingly;

**IT IS ORDERED** that Lando's motion for preliminary injunction[22] is **DENIED**.

**New Orleans, Louisiana, this 15th day of October, 2015.**

                                        *_____*
                                        **SUSIE MORGAN**
                            **UNITED STATES DISTRICT JUDGE**

---

[18] R. Doc. 121-1 at 7.
[19] R. Doc. 126 at 5, 7, 10–11.
[20] *See, e.g.,* R. Doc. 126 at 11; R. Doc. 129 at 4.
[21] *See Goodman v. Dell Publishing Co.*, 1995 WL 301380, at *2 (E.D. La. May 15, 1995) (finding a factual dispute at issue "preclude[d] the Court from determining the likelihood of success on the merits" and concluding plaintiff therefore "failed to meet her heavy burden" on the likelihood-of-success element); *Marshall Durbin Farms, Inc. v. Nat'l Farmers Org., Inc.*, 446 F.2d 353, 358 (5th Cir. 1971) ("[U]nderstandably, the courts are more cautious about invoking the extraordinary remedy of the preliminary injunction where critical facts are in dispute."); *Chattery Intern., Inc. v. JoLida, Inc.*, 2011 WL 1230822, at *9 (D. Md. Mar. 28, 2011); *Allegra Network LLC v. Reeder*, 2009 WL 3734288, at *3 (E.D. Va. Nov. 4, 2009).
[22] R. Doc. 121.